IN THE COURT OF COMMON PLEAS
CIVIL DIVISION
FRANKLIN COUNTY, OHIO

| | |
|---|---|
| AV NAIL SPA WORTHINGTON PLACE, L.L.C. <br> 7227 N. HIGH ST., SUITE 108. <br> WORTHINGTON, OHIO 43085 <br><br> Plaintiff, <br><br> v. <br><br> DRP WORTHINGTON LP <br> 5310 HARVEST HILL RD., SUITE 250 <br> DALLAS, TEXAS 75230 <br><br> AND <br><br> DIRECT RETAIL PARTNERS, L.L.C. <br> 5310 HARVEST HILL RD., SUITE 250 <br> DALLAS TEXAS, 75230 <br><br> Defendants. | Case No._____ <br><br><br><br><br><br> **COMPLAINT FOR DECLARATORY JUDGMENT AND INJUCTIVE RELIEF** |

Now comes the Plaintiff, AV Nail Spa Worthington Place, L.L.C., by and through counsel, and hereby states as follows for its Complaint against Defendants DRP WORTHINGTON LP and Direct Retail Partners, L.L.C.:

A.   **Parties, Jurisdiction and Venue**

1. Plaintiff, AV Nail Spa Worthington Place, LLC ("Anthony Vince") is an Ohio limited liability company with its principal place of business located at 7227 N. High St., Ste. 108, Worthington, Ohio 43085.

2. Defendant, DRP Worthington LP ("DRP Worthington") is a Texas limited liability company with its principal place of business located at 5310 Harvest Hill Rd., Ste. 250, Dallas Texas 75230.

3. Defendant, Direct Retail Partners, LLC ("DRP") is a Texas limited liability company with its principal place of business located at 5310 Harvest Hill Rd., Ste. 250, Dallas, Texas 75230.

4. The contract at issue is a commercial lease for property within the Shops at Worthington Place, located at 7227 N. High Street, Worthington, Ohio 43085.

5. The contract at issue states, "This lease and the rights and obligations of the parties hereunder shall be construed in accordance with the laws of the state in which the Shopping Center is located." Exhibit A, Section 21.18.

6. Jurisdiction is proper because the Defendants transacted business in the state of Ohio, and have an interest in, have used and possess real property in the state of Ohio.

7. Venue is proper in Worthington County because Worthington County is where the Defendants conducted the activities that gave rise to the claim for relief.

**B. Factual Background**

8. On April 30, 2018, Anthony Vince entered into a commercial lease agreement (the "Lease" attached hereto as Exhibit A) with Worthington Square Venture, L.L.C. ("WSV") for 5,555 square feet of interior tenant space at the Shops at Worthington Place (the "Shopping Center.")

9. The term of the Lease was 10 years with possibility for extension.

10. On or around December 17, 2019, WSV sold the Shopping Center to DRP Worthington. The related tenant leases were assigned to DRP Worthington.

11. Around the time of its purchase of the Shopping Center DRP and DRP Worthington announced plans to redevelop the property.

12. DRP's redevelopment plans indicate that redevelopment will substantially harm the luxury nail salon that Anthony Vince operates at the Shopping Center.

13. Anthony Vince sought to protect its interest under the Lease and filed a lawsuit for anticipatory breach of contract and related claims against DRP in the Franklin County Court of Common Pleas on January 28, 2021.

14. On March 4, 2021, DRP submitted a Notice of Removal, invoking the diversity jurisdiction of the federal district court.

15. After further investigation, Anthony Vince voluntarily dismissed the federal case and refiled its complaint on April 30, 2021[1] in Franklin County naming WSV and DRP Worthington as additional Defendants, thereby destroying diversity jurisdiction.

16. After ruling on Defendants' motion to dismiss, Anthony Vince's claims for anticipatory breach of contract and breach of good faith and fair dealing against DRP Worthington, as well as its claim for tortious interference with contract against DRP, remained.

17. On April 19, 2022 Defendants filed counterclaims of defamation and tortious interference with contractual and business relationships.

18. On August 31, 2022 Defendants filed an additional counterclaim seeking a declaratory judgment that would allow them to collect their attorney's fees as additional rent under the Lease.

19. Summary judgment briefs on Defendants' declaratory judgment claim were submitted by both parties.

---

[1] Franklin County Court of Common Pleas Case No. 21CV-04-2712

20. On November 7, 2022 Plaintiff and Defendants filed a stipulation to mutually dismiss all claims and counterclaims in that case.

21. On or about December 8, 2022 DRP Worthington issued an invoice to Anthony Vince in the amount of $197,034.21 for legal fee reimbursement. Exhibit B.

22. No attorneys fees were awarded in any previous action between the parties.

23. Anthony Vince's monthly statement from DRP received January 4, 2023 also listed a charge of $197,034.21 for legal fee reimbursement.

24. Defendants have no basis to charge their legal fees to Anthony Vince, nor to charge their legal fees as Additional Rent under the Lease.

25. The fee provision of the Lease states:

> Any reasonable costs and expenses incurred by Landlord (including, without limitation, attorney's fees) in *enforcing its rights or remedies* under this Lease shall be deemed to be Additional Rental and shall be repaid to Landlord by Tenant upon demand. Exhibit A, Section 17.2 (emphasis added).

26. The Lease grants the Landlord the right to collect attorney's fees only to enforce its rights or remedies, such as for eviction procedures in the event of default.

27. The Lease does not grant the Landlord any fees for defending an action by a Tenant to enforce the Tenant's rights.

## CAUSES OF ACTION
### I. Declaratory Judgment

28. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 27 above as if fully rewritten herein.

29. There is an actual and genuine controversy regarding the rights Defendants to bill Anthony Vince for their legal fees, and the right of Anthony Vince to pursue its claims against Defendants without fear demands for legal fees.

30. Declaratory relief from this Court will resolve the controversy between the parties as to the right to attorney's fees under the Lease.

31. Defendants requested resolution of this same controversy in the previous action but then chose to dismiss their claim before the matter was resolved and exercise extrajudicial remedies instead.

32. Anthony Vince believes that Defendants have no right to collect attorney's fees incurred to defend an action by a Tenant seeking to enforce the Tenant's rights.

33. Defendants have repeatedly claimed that Anthony Vince must pay their attorney fees.

34. Declaratory relief from this Court will provide clarity to the parties in this and future litigation and prevent the unlawful eviction of Anthony Vince.

## II. Injunctive Relief

35. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 34 above as if fully rewritten herein.

36. Defendants previously demanded attorney fees for defending the complaint filed by Anthony Vince on January 28, 2021.

37. On April 9, 2021, DRP Worthington sent Anthony Vince a letter demanding that Anthony Vince pay its legal fees for "defending a frivolous lawsuit" as $13,799.00 in Additional Rental on or before April 15, 2021. *See* Exhibit C.

38. The April 9, 2021 letter also threatened that the landlord would exercise self-help remedies under the lease if Anthony Vince did not pay their legal fees. *Id.*

39. Thereafter, DRP Worthington sent Anthony Vince several notices of lease default based on unpaid legal fees. *See* Exhibit D.

40. Anthony Vince was protected from further action by the landlord only by stipulation entered by the parties in the previous case on June 16, 2021, that:

> …while the claims in this case are pending in state or federal court, DRP Worthington will not exercise self-help to evict or restrict Plaintiffs access to the premises on the basis of Plaintiffs failure to pay DRP Worthington's attorneys' fees associated with this case, the prior case that Plaintiff filed in this Court, Case No. 21 CV 000605, or any federal case arising from removal of the prior case and/or this case.

41. With all claims in the previous case dismissed on November 7, 2022, Defendants have immediately begun efforts to bill their attorney fees to Anthony Vince as Additional Rent, hold Anthony Vince in default under the Lease, and exercise self-help remedies under the Lease.

42. Defendants have taken these steps after the Court in the previous case was fully advised of the attorney fee claim and controversy – because Defendants brought it to that Court's attention.

43. When Defendants realized that the Court in the previous case was unlikely to grant them the relief they sought, they dismissed their declaratory judgment action and resorted to extrajudicial remedies.

44. If injunctive relief is not granted to Anthony Vince, Defendants will continue their efforts to evict Anthony Vince from the Shopping Center based on a faulty and likely bad faith reading of the Lease.

45. Anthony Vince spent nearly $1 million building its luxury nail salon in the Shopping Center and the salon cannot be relocated.

46. If Defendants are allowed to evict or restrict Anthony Vince from the Shopping Center Anthony Vince's business and reputation will be irreparably harmed.

47. It is in the public interest to affirm the contracted rights of the Parties and to prevent Defendants from bullying tenants with unfounded claims for attorney's fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that this Court:

A. ISSUE A DECLARATORY JUDGMENT that Defendants may not charge their legal fees incurred in defending Tenant claims in this or any other lawsuit as additional rent under the Lease.

B. ISSUE TEMPORARY AND PERMANENT INJUNCTIVE RELIEF prohibiting DRP Worthington LP and those acting in concert with it from:

- Assessing its legal fees incurred in the defense of this or any other lawsuit to enforce Anthony Vince's rights under the Lease.

- Holding Anthony Vince in default under the Lease for failure to pay DRP or DRP Worthington's legal fees.

- Engaging in self-help to evict Anthony Vince or otherwise restrict or inhibit its rights under the Lease based on a claim for attorney fees as additional rent.

C. Grant Anthony Vince an award of costs, reasonable attorney fees and other relief as is just and necessary.

Dated: January 5, 2023

AV Nail Spa Worthington Place, L.L.C.

Respectfully submitted,

/s/*Rachael Rodman*
Rachael Rodman (000073872)
**Ulmer & Berne, LLP**
65 E. State St., Suite 1100
Columbus, OH 43215
Phone: (614) 229-0038
rrodman@ulmer.com

Sean Sharp (PHV 26128-2022)
*Pro hac vice motion pending*
**Atom Law Group**
770 N LaSalle Dr. Ste 700
Chicago, IL 606054
312-943-8000 (Telephone)
312-943-4984 (Fax)

**Counsel for Plaintiff**